IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT EDWARD BROOKE, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 4:CV-06-1461 |
| | : |
| UNITED STATES OF AMERICA, | : (Judge McClure) |
| | : |
| Respondent | : |

## ORDER

August 8, 2006

**Background**

Albert Edward Brooke ("Petitioner"), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."), initiated this pro se habeas corpus petition in the United States District Court for the Eastern District of Tennessee.  By Order dated July 26, 2006, the Eastern District of Tennessee granted Petitioner leave to proceed in forma pauperis, construed his action as seeking relief under 28 U.S.C. § 2254, and  transferred the matter to this Court.

Named as sole Respondent is the United States of America.  Brooke challenges the legality of his guilty plea to criminal charges in the Carbon County, Pennsylvania Court of Common Pleas.  His petition indicates that his guilty plea was unlawful

because it resulted from his incompetence, coercion, and jury tampering.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself .."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

It is initially noted that the United States of America is clearly not a properly named Respondent.  The only properly named respondent in a § 2254 action is the Petitioner's custodial official, in this case the Warden at Brooke's current place of confinement. There is no indication that Brooke is presently within the custody of the United States.  In addition, the petition is challenging the legality of a guilty plea entered

2

in a Pennsylvania state court.

Furthermore, the Eastern District of Tennessee recently transferred a second habeas corpus petition filed by Brooke to this Court.  Petitioner's latest petition names the Commonwealth of Pennsylvania as Respondent.  It likewise challenges the same Carbon County guilty plea on the grounds that:  he should have been declared unfit to stand trial; received ineffective assistance of counsel; jury tampering; double jeopardy; and was coerced into entering a guilty plea.  Petitioner adds that he was denied witnesses, a speedy trial, and prevented from obtaining evidence.

The allegations and facts set forth in Brooke's initial habeas corpus petition are encompassed within his second more recent action.  Moreover, Brooke's latter petition is set forth in a more detailed and understandable manner.  Both actions claim that the Petitioner's Carbon County guilty plea was the result of jury tampering and coercion.  They also maintain that Brooke was incompetent and thus, should not have been permitted to enter a guilty plea.

Since the initially filed petition lists an improper Respondent and lacks the detail and clarity of the subsequent petition, it will be dismissed as meritless.  Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    The petition for writ of habeas corpus is dismissed as meritless.

3

    2.    The Clerk of Court is directed to close the case.

    3.    Based on the Court's determination herein, there is no basis for the issuance of a certificate of appealability.

        s/ James F. McClure, Jr.
    JAMES F. McCLURE, JR.
    United States District Judge